IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **DENNIS SISSON**, *individually and on behalf of all others similarly situated*, | § | |
| Plaintiff, | § | |
| **v.** | § | **Civil Action No. 3:25-CV-02910-L** |
| **WWEX FRANCHISE HOLDINGS, LLC; WORLDWIDE EXPRESS, LLC; GLOBALTRANZ ENTERPRISES, LLC; WORLDWIDE EXPRESS OPERATIONS, LLC; and WWEX INVESTMENT HOLDINGS, LLC,** | § | |
| Defendants. | § | |

**MEMORANDUM OPINION AND ORDER**

Before the court is Plaintiff's Motion to Remand ("Motion") (Doc. 5), filed November 26, 2025. After careful consideration of the Motion, response, reply, pleadings, record, and applicable law, the court **denies** the Motion.

## I. Procedural and Factual Background

On August 22, 2025, Dennis Sisson ("Mr. Sisson" or "Plaintiff") filed this putative class action in the 134th Judicial District Court of Dallas County, Texas. *See* Notice of Removal at Ex. 1, Class Action Pet. (Doc. 1-1). Mr. Sisson asserts claims on behalf of himself and a putative class of similarly situated individuals for breach of contract, unjust enrichment, fraudulent misrepresentation, and negligent misrepresentation against his former employer, WWEX Franchise Holdings, LLC; Worldwide Express, LLC; Globaltranz Enterprises, LLC; Worldwide Express Operations, LLC; and WWEX Investment Holdings, LLC (collectively, "Defendants"). *Id.* at Ex. 1, Class Action Pet. ¶¶ 57-87. He alleges that Defendants systematically deprived him

and similarly situated employees of commission-based earnings, and he seeks certification of a class pursuant to Rule 42 of the Texas Rules of Civil Procedure. *Id.* at Ex. 1, Class Action Pet. ¶¶ 2-3, 49-56.

On October 27, 2025, Defendants removed the case to this court pursuant to 28 U.S.C. §§ 1441(a), 1446, and 1453(b). *See id.* In the Notice of Removal, they assert that the court has subject matter jurisdiction pursuant to the Class Action Fairness Act ("CAFA"), which specifies that a district court has jurisdiction over any class action in which the class has more than 100 members, the parties are minimally diverse, and the amount in controversy exceeds $5 million. 28 U.S.C. § 1332(d). More specifically, they contend that, pursuant to 28 U.S.C. § 1332(d), this matter is "a class action comprised of at least 100 members in the aggregate, there is CAFA diversity of citizenship between the parties, and the amount in controversy exceeds the sum of $5,000,000 exclusive of interest[] and costs." *Id.* ¶ 5.

Mr. Sisson asserts that removal under CAFA was improper and moves to remand this action to state court for lack of subject matter jurisdiction, contending that Defendants have "not shown that sufficient diversity jurisdiction exists for purposes of removal." Pl.'s Mot. Remand 1. The Motion has been fully briefed and is ripe for disposition.

## II. Legal Standards

### A. General Removal Standard

Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree[.]" *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). The removal statute, 28 U.S.C. § 1441, authorizes defendants to remove any civil action from state court to federal district court if the district court would have original jurisdiction. 28 U.S.C. § 1441(a). Generally,

"[r]emoval raises significant federalism concerns" because it effectively "deprive[s] the state court of an action properly before it." *Gasch v. Hartford Accident & Indem. Co.*, 491 F.3d 278, 281 (5th Cir. 2007) (citation omitted). "The removal statute is therefore to be strictly construed, and any doubt about the propriety of removal must be resolved in favor of remand." *Id.* at 281-82 (citation omitted).

**B. Removal under CAFA**

"CAFA gives federal courts jurisdiction over certain class actions, defined in § 1332(d)(1), if the class has more than 100 members, the parties are minimally diverse, and the amount in controversy exceeds $5 million." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 84-85 (2014) (citing, *inter alia*, 28 U.S.C. § 1332(d)(1)-(2), (5)(B)). CAFA defines "class action" as "any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by one or more representative persons as a class action." 28 U.S.C. § 1332(d)(1)(B).

"Congress enacted CAFA to encourage federal jurisdiction over interstate class action lawsuits of national interest." *Preston v. Tenet Healthsystem Mem'l Med. Ctr.*, 485 F.3d 793, 797 (5th Cir. 2007). For this reason, there is "no antiremoval presumption" in cases invoking CAFA. *Dart Cherokee*, 574 U.S. at 89 (citations omitted). "Generally, the party seeking removal has the burden of proving that the provisions of CAFA are satisfied." *Rainbow Gun Club, Inc. v. Denbury Onshore, L.L.C.*, 760 F.3d 405, 409 n.3 (5th Cir. 2014) (citation omitted); *see also Laffin v. National Football League*, 2011 WL 1396887, at *1 (N.D. Tex. Apr. 12, 2011) ("CAFA did not eliminate the removing party's burden of establishing federal jurisdiction.") (citation omitted).

**III. Analysis**

In the Notice of Removal, Defendants assert CAFA as the sole basis for federal jurisdiction. *See* Notice of Removal ¶ 5. To determine whether it should retain jurisdiction or remand, the court must resolve whether this action meets CAFA's jurisdictional threshold for a class action. Mr. Sisson does not dispute that more than $5,000,000 is at stake in this controversy and that the plaintiff class consists of 100 or more members. Mr. Sisson, however, disputes whether Defendants have met their burden of establishing minimal diversity requirements under § 1332(d)(2). *See* Pl.'s Mot. Remand 2-4.

Under CAFA, minimal diversity is met when one plaintiff is diverse from one defendant. *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 594 n.12 (2005) (noting that for minimal diversity under CAFA, "one plaintiff's diversity from one defendant suffices" to establish minimal diversity); *see* 28 U.S.C. § 1332(d)(2)(A) (minimal diversity exists if "any member of a class of plaintiffs is a citizen of a State different from any defendant"). The statute in question provides that "[f]or purposes of this subsection and section 1453, an unincorporated association shall be deemed to be a citizen of the State where it has its principal place of business and the State under whose laws it is organized." 28 U.S.C. § 1332(d)(10).

The parties appear to agree that Mr. Sisson is a citizen of Mississippi. *See* Notice of Removal ¶ 12; *id.* at Ex. 1, Class Action Pet. ¶ 4 (alleging that Mr. Sisson "currently resides in Mississippi and is a citizen of Mississippi"). The parties disagree, however, regarding how to determine Defendants' citizenships.

In the Notice of Removal, Defendants assert that "[d]iversity of citizenship exists between a member of the proposed class and at least one defendant, as required by CAFA." *Id.* ¶ 10. Defendants state:

> At the time this action was filed and at the time of removal, all of the Defendants (WWEX Franchise Holdings, LLC; GlobalTranz Enterprises, LLC; WorldWide Express, LLC; Worldwide Express Operations, LLC; and WWEX Investment Holdings, LLC) were, and still are, Delaware limited liability companies that maintained, and still maintain, their principal places of business in Texas. Accordingly, all defendants are dual citizens of Texas and Delaware.

*Id.* ¶ 11 (citing 28 U.S.C. §§ 1332(c)(1), (d)(10)).

Based on these assertions, Defendants maintain that "[b]oth at the time this action was commenced and at the time of the filing of this Notice of Removal, no defendant was a citizen of the state of Mississippi. Accordingly, diversity of citizenship exists for purposes of CAFA." *Id.* ¶ 12 (citing 28 U.S.C. § 1332(d)(2)(A) (diversity exists if "any member of a class of plaintiffs is a citizen of a State different from any defendant")).

Mr. Sisson takes the position that the citizenship of an LLC is determined by the citizenship of the LLC's members. Pl.'s Mot. Remand 2. In taking this position, he relies on the traditional rule that the citizenship of unincorporated business entities is determined by the citizenship of the entity's members. *Id.* (citing *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1079-1080 (5th Cir. 2008)). Mr. Sisson contends that CAFA, which, in 28 U.S.C. § 1332(d)(10), may have changed the traditional rule for determining the citizenship of "unincorporated associations" in class actions, does not apply to Defendants because a limited liability company is not an "unincorporated association." Pl.'s Reply Br. 4 (Doc. 18). He further asserts that under both Texas and Delaware law, an LLC is an artificial entity created by statute, and those state statutes "distinguish LLCs from unincorporated associations." *Id.* at 3 (citations omitted). According to Mr. Sisson, "[b]ecause WWEX has not demonstrated the citizenship of Defendant LLCs through citizenship of its members and because an LLC is not an 'unincorporated association' for purposes

of 1332(d)(10), WWEX has failed to carry its burden to invoke federal jurisdiction." Pl.'s Mot. Remand 3.[*]

Prior to addressing the parties' contentions, the court notes that Mr. Sisson erroneously relies on the presumption against removal to support his Motion. *See* Pl.'s Reply Br. 2 ("Because removal raises significant federalism concerns, the removal statutes are strictly and narrowly construed, with any doubt resolved against removal and in favor of remand.") (quoting *Tilley v. Tisdale*, 914 F. Supp. 2d 846, 850 (E.D. Tex. 2012)). As previously explained, however, there is "no antiremoval presumption" in cases invoking CAFA, "which Congress enacted to facilitate adjudication of certain class actions in federal court." *Dart Cherokee*, 574 U.S. at 89 (citations omitted).

As a threshold matter, the court recognizes that, ordinarily, the citizenship of an unincorporated association, including limited liability companies like Defendants, is determined by the citizenship of all of its members. *Acadian Diagnostic Lab'ys, L.L.C. v. Quality Toxicology, L.L.C.*, 965 F.3d 404, 408 n.1 (5th Cir. 2020) ("[T]he citizenship of a[n] LLC is determined by the citizenship of all of its members." (quoting *Harvey*, 542 F.3d at 1080)); *Tewari De-Ox Sys. Inc. v. Mountain States/Rosen, Ltd. Liab. Corp.*, 757 F.3d 481, 483 (5th Cir. 2014) (noting that because the defendant "is a limited liability company, . . . its citizenship is determined by the citizenship of all of its members").

---

[*] Insofar as Mr. Sisson maintains that Defendants have not adequately demonstrated that they are citizens of Texas and Delaware, *see* Pl.'s Mot. Remand 3, the court disagrees. First, Mr. Sisson himself alleges in the Class Action Petition that all Defendants are Delaware LLCs and have their principal places of business in Dallas, Texas. *See* Notice of Removal at Ex. 1, Class Action Pet. ¶¶ 5-10. Second, Defendants' Notice of Removal is sufficiently specific to affirmatively and distinctly allege the citizenship of the LLCs for purposes of CAFA. Finally, although not necessary for the court to consider, Defendants also provide the Declaration of Charlene York in support of their response, *see* Doc. 10-1, confirming that each Defendant is a Delaware LLC and has its principal place of business in Texas.

For purposes of CAFA, however, Section 1332(d)(10) states that "an unincorporated association shall be deemed to be a citizen of the State where it has its principal place of business and the State under whose laws it is organized." Unlike the general removal statute, in the context of removal under CAFA, the Fifth Circuit treats limited liability companies and limited partnerships as "unincorporated associations" governed by § 1332(d)(10) with citizenship determined by the principal place of business and the State under whose laws it is organized. *See Cedar Lodge Plantation, L.L.C. v. CSHV Fairway View I, L.L.C.*, 768 F.3d 425, 426 n.2 (5th Cir. 2014); *see also Jing Gao v. Blue Ridge Landfill TX, L.P.*, 783 F. App'x 409, 410 (5th Cir. 2019) ("Blue Ridge is a limited partnership, which means that it is 'a citizen of the State where it has its principal place of business and the State under whose laws it is organized.' 28 U.S.C. § 1332(d)(10)."); *Harvey*, 542 F.3d at 1080 (5th Cir. 2008) (recognizing that "in the limited context of class actions, Congress has created a statutory exception to [the traditional] rule of citizenship for unincorporated associations") (citing 28 U.S.C. § 1332(d)(10)).

In *Cedar Lodge*, the appellate court reversed a district court's decision to remand a case pursuant to CAFA's "local controversy exception," after the plaintiff amended its complaint to add a significant local defendant. *Cedar Lodge*, 768 F.3d at 426. Reversing and remanding to the district court, the appellate court held that "the application of the local controversy exception depends on the pleadings at the time the class action is removed, not on an amended complaint filed after removal." *Id.* As relevant to the matter *sub judice*, in addressing the citizenship of the LLC defendants under CAFA, the district court, accepting the Report and Recommendation of the magistrate judge, held that:

> the citizenship of a limited liability company is determined by considering the citizenship of all its members. Thus, to properly allege the citizenship of a limited liability company, the party asserting jurisdiction must identify each of the entity's members and the citizenship of each member in accordance with the requirements

> of § 1332(d). Defendants' allegations in the notice of removal are not sufficient to satisfy the federal standard for properly alleging the citizenship of a limited liability company. However, for purposes of this Magistrate Judge's Report the defendants' failure to properly allege diversity citizenship of the LLC parties is inconsequential.

*Cedar Lodge Plantation, LLC v. CSHV Fairway View I, LLC*, 2014 WL 972033, at *2 n.2 (M.D. La. Mar. 12, 2014), *rev'd and remanded sub nom. Cedar Lodge Plantation, L.L.C. v. CSHV Fairway View I, L.L.C.*, 768 F.3d 425 (5th Cir. 2014). Noteworthy here, in its decision reversing the district court and remanding for further consideration, the appellate court determined that, in analyzing the citizenship of the LLC defendants, the district court "*incorrectly applied a non-CAFA standard to the L.L.C.'s*." *Cedar Lodge*, 768 F.3d at 426 n.2 (emphasis added). The Fifth Circuit enunciated the correct standard, namely, that "[p]ursuant to 28 U.S.C. § 1332(d)(10), the defendant L.L.C.'s are citizens of Delaware and Illinois[.]" *Id.* By expressly rejecting the district court's citizenship analysis, the Fifth Circuit made clear in *Cedar Lodge* that—contrary to the lower court in that case and Mr. Sisson's arguments in this matter—the citizenship of an LLC under CAFA is not to be determined based on the citizenship of each member of the LLC but rather by the principal place of business and the State under whose laws it is organized. *Id.* (citing 28 U.S.C. § 1332(d)(10)).

Further, numerous district courts in the Fifth Circuit that addressed the matter have held similarly. *See, e.g.*, *Heritagemark, LLC v. Unum Life Ins. Co. of Am.*, 2023 WL 8622998, at *2 (S.D. Tex. Dec. 13, 2023) ("Most courts addressing the question have found that an LLC qualifies as an 'unincorporated association' under CAFA.") (citing cases); *JMCB, LLC v. Bd. of Commerce & Indus.*, 293 F. Supp. 3d 580, 587 (M.D. La. 2017) (limited liability companies are unincorporated associations for purposes of determining citizenship under CAFA). Other circuit courts have held similarly. *See Ferrell v. Express Check Advance of SC LLC*, 591 F.3d 698, 699-700 (4th Cir. 2010) (holding that "a limited liability company is an 'unincorporated association' as

that term is used in 28 U.S.C. § 1332(d)(10) and therefore is a citizen of the State under whose laws it is organized and the State where it has its principal place of business"). Although Mr. Sisson urges that *Cedar Lodge* and various district court decisions should not be followed because they are "strained, a-textual, tortured and not directly at issue," Pl.'s Reply Br. 7, the court declines to accept Mr. Sisson's statutory analysis and invitation to ignore controlling precedent.

For these reasons, the court determines that, under § 1332(d)(10), Defendants' citizenship for purposes of CAFA is that of the State under whose laws each LLC is organized and the State where each LLC has its principal place of business. As previously discussed, in their Notice of Removal, Defendants state that, at the time this action was filed and at the time of removal, all of the Defendant LLCs were, and still are, "Delaware limited liability companies that maintained, and still maintain, their principal places of business in Texas." Notice of Removal ¶ 11 (citing 28 U.S.C. §§ 1332(c)(1), (d)(10)). Defendants, therefore, are citizens of Delaware and Texas. It is undisputed that Mr. Sisson is a citizen of Mississippi. On this record, the court determines that Defendants have met their burden of establishing minimal diversity under CAFA. *See* 28 U.S.C. § 1332(d)(2)(A) (diversity exists if "any member of a class of plaintiffs is a citizen of a State different from any defendant").

## IV. Conclusion

Based on the foregoing, Defendants have met their burden as the removing parties to establish that this action qualifies as a "class action" under CAFA because the class has more than 100 members, the parties are minimally diverse, and the amount in controversy exceeds $5 million. Accordingly, the court determines that it has subject matter jurisdiction under the class action provisions of CAFA, 28 U.S.C. § 1332(d)(1)-(10), and **denies** Plaintiff's Motion for Remand (Doc. 5).

**It is so ordered** this 14th day of September, 2026.

Sam A. Lindsay
United States District Judge